| Valdez v AAA Sutter Realty LLC |
| :---: |
| 2023 NY Slip Op 34584(U) |
| December 15, 2023 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514548/2019 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the *15* day of *December*, 2023.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

MAXIMO VALDEZ,

                            Plaintiff,

          -against-

AAA SUTTER REALTY LLC, B&F MARKET, INC.,
and KEY FOOD STORES CO-OPERATIVE, INC.,

                           Defendants.

-----------------------------------------------------------------------X

Index No.: 514548/2019

**DECISION AND ORDER**

The following e-filed papers read herein:             NYSCEF Doc. Nos.:

**Motion Seq. No. 2**

| | |
|---|---|
| Notice of Motion/Affirmation in Support/Exhibits............................. | 54 – 67 |
| Affirmation in Opposition...................................................................... | 78 |
| Reply Affirmation/Exhibits................................................................... | 93 – 100 |

**Motion Seq. No. 3**

| | |
|---|---|
| Notice of Cross-Motion/Affirmation in Support/Exhibits.................... | 71 – 76 |
| Affirmation in Opposition/Exhibits....................................................... | 103 – 110 |

Defendant AAA Sutter Realty ("AAA Sutter") moves for an order, pursuant to CPLR 3212, (a) granting it summary judgment dismissing Plaintiff Maximo Valdez's ("Plaintiff") complaint and all cross-claims against it, (b) granting summary judgment on its cross-claim for contractual and common-law indemnification and contribution with respect to co-defendants B&F Market, Inc. ("B&F") and Key Food Stores Co-Operative, Inc. ("Key Food"), (c) directing co-defendants to assume AAA Sutter's defense and indemnification of it, and (d) directing co-defendants to pay AAA Sutter's defense costs and attorneys fees (Mot. Seq. No. 2). B&F and Key Food opposes the portion of AAA Sutter's motion seeking summary judgment on its cross-claims and for an order directing them to assume AAA Sutter's defense and for defense cross on

[* 1]

the grounds that the motion is procedurally defective. In his cross-motion, Plaintiff opposes AAA Sutter's motion as procedurally defective and on the basis that it cannot cede its duty to its tenant and seeks to strike its answer for its failure to provide any discovery (Mot. Seq. No. 3).

In this negligence action, Plaintiff alleges that he sustained injuries on May 25, 2019, when he was thrown from his bicycle after it encountered a defective portion of pavement in a parking lot, which was located at 1214 Sutter Avenue in Brooklyn, New York. Plaintiff avers that the parking lot is owned by AAA Sutter and was being used by various tenants, including Key Food. Plaintiff filed his Note of Issue on June 22, 2021 (NYSCEF Doc No. 51). AAA Sutter filed its motion on November 21, 2021 (NYSCEF Doc No. 54) and opposition was filed on May 4, 2022, along with Plaintiff's cross-motion (NYSCEF Doc No. 71, 78).

Before the Court addresses the merits of AAA Sutter's motion, it must first determine whether it is procedurally proper. Here, Plaintiff, B&F and Key Food contend that AAA Sutter's motion is untimely because it was not filed within 60 days of the filing of the Note of Issue. AAA Sutter alleges that the parties agreed to extend the deadline for filing motions for summary judgment to 120 days after the Note of Issue is filed, which it claims is reflected in the proposed final pre-note order that was not electronically filed. The Final Pre-Note Order issued by Justice Knipel does not contain language regarding this extended deadline (NYSCEF Doc No. 48).

As an initial matter, "the court may set a date after which no [summary judgment] motion may be made" (CPLR 3212 [a]). In Kings County, unless a defendant is the City of New York, motions for summary judgment must be made within 60 days of the filing of the Note of Issue and this deadline "may only be extended *by the Court* upon good cause shown" (Kings County Supreme Court Uniform Civil Term Rules, Part C, Rule 6 [emphasis added]; *see also* CPLR 3212 [a]). The movant must proffer a "good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]). Accordingly, without a showing of "good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits" (*Kuyenova v R & M Supermarket*, 215 AD3d 940, 941 [2d Dept 2023] [internal citations omitted]).

Though the parties may have agreed to extend this deadline, "the court has the exclusive authority to extend the statutory deadline; mutual agreement of the parties without court approval will not suffice" (*Coty v Cnty. of Clinton*, 42 AD3d 612, 614 [3d Dept 2007]; *see Bennett v St.*

[* 2]

*John's Home*, 128 AD3d 1428, 1429 [4th Dept 2015], *aff'd* 26 NY3d 1033 [2015] ["the court was not required to accept the express stipulation of the parties to extend" the motion for summary judgment deadline]). Even if the Court accepts AAA Sutter's argument that it was under the mistaken impression that the deadline was extended, the parties were on notice since at least April 20, 2021, when the Final Pre-Note Order was entered into NYSCEF, that the supposed agreed-upon deadline was missing from the order, yet AAA Sutter failed to affirmatively move for relief and only raised purported good cause arguments in its reply papers (*see St. John's Univ. v. Butler Rogers Baskett Architects, P.C.*, 105 AD3d 728, 728 [2d Dept 2013] [court "providently exercised its discretion in declining to consider good cause arguments raised for the first time in its reply papers"], citing *Cabibel v XYZ Assocs., L.P.*, 36 AD3d 498, 498–99 [1st Dept 2007] [noting that the movants failed to move to vacate the note of issue, failed to seek an extension of time to file the motion, and only raised an excuse for their delay in their reply]). The Second Department has determined that in such circumstances, the Court may not exercise its discretion and consider the merits, particularly in the absence of a surreply (*see St. John's Univ.*, 105 AD3d at 728-29 [internal citations omitted]; *Harleysville Ins. Co. v Rosario*, 17 AD3d 677, 678 [2d Dept 2005] [internal citations omitted]). It would be improper for the Court to entertain AAA Sutter's late motion for summary judgment and therefore, it must be denied.

The Court next turns to Plaintiff's cross-motion,[1] wherein Plaintiff argues that AAA Sutter's failure to provide written discovery warrants the striking of its answer pursuant to CPLR 3126(3). Plaintiff contends that AAA Sutter has not responded to written demands dated January 3, 2020, February 28, 2020 and January 5, 2021,[2] thereby also violating three court orders directing it to respond. Plaintiff claims that this amounts to willful and contumacious behavior. In its opposition, AAA Sutter asserts that it submitted its formal response to Plaintiff's combined

---

[1] Plaintiff's cross-motion also contains arguments in opposition to AAA Sutter's motion for summary judgment. Since the Court has determined that AAA Sutter's motion is untimely, it will not address those portions of Plaintiff's cross-motion.

[2] Plaintiff's Combined Demands and Demand for Verified Bill of Particulars were dated January 3, 2020 (NY St Cts Elec Filing [NYSCEF] Doc No. 75). Plaintiff's Supplemental Demands were dated February 28, 2020 and his First Supplemental Demands were dated January 4, 2021 (*id.*).

3

[* 3]

demands on June 3, 2022, after the cross-motion was filed.[3]  Plaintiff did not file a reply; however, it did file a letter of rejection because the responses were untimely.[4]

Under CPLR 3216, the Court may take certain actions, such as striking a pleading, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3216).  "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Rector v City of New York*, 174 AD3d 660, 660–61 [2d Dept 2019]).  When filing a motion relating to disclosure, Section 202.7 of the Uniform Civil Rules requires "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (22 NYCRR 202.7).  This requirement applies to motions made pursuant to CPLR 3216 (*Anuchina v Marine Transp. Logistics, Inc.*, 216 AD3d 1126 [2d Dept 2023]).  Here, Plaintiff's counsel failed to submit such affirmation attesting to any good faith attempts to obtain the outstanding discovery.  Moreover, Plaintiff never moved to compel AAA Sutter's disclosure prior to moving to strike its answer (*Rector*, 174 AD3d at 661; *Odiorne v Jascor, Inc.*, 175 AD3d 1016, 1016 [4th Dept 2019] ["court properly denied the cross motion [to strike the answer] because plaintiffs did not file a motion to compel discovery pursuant to CPLR 3124"]).

Accordingly, it is hereby

ORDERED, that Defendant AAA Sutter Realty LLC's motion (Mot. Seq. No. 2) is DENIED as untimely; and it is further

ORDERED, that Plaintiff's cross-motion to strike (Mot. Seq. No. 3) is DENIED without prejudice.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

Hon. Ingrid Joseph, J.S.C.
Hon. Ingrid Joseph
Supreme Court Justice

---

[3] The Court also notes that AAA Sutter filed its response to Plaintiff's Demand for Verified Bill of Particulars on June 1, 2022 (NYSCEF Doc No. 83).

[4] NYSCEF Doc No. 92.

4

[* 4]